

YAAKOV SAKS▲▪*
JUDAH STEIN▲▪
ELIYAHU BABAD▲▪
RAMI M. SALIM▲▪
HASSAN SIDDIQUI▲

▲ NJBar Admissions
^ CT & NJ Bar Admissions
▪ NY Bar Admission
*Federal Court Bar Admissions
AR, CT, CO, DC, IL, MI, MO, ND, NE, NM, TN, TX, WI

One University Plaza, Suite 620, Hackensack, NJ 07601 | tel: 201.282.6500 | fax: 201.282.6501 | www.steinsakslegal.com

October 24, 2025

Hon. Clay H. Kaminsky
Magistrate Judge
United States District Court
Eastern District of New York
225 Camden Plaza East
Brooklyn, NY 11201

**Via ECF**

    Re: *Fernandez v. Inna Chern DDS, Inc.*
       Docket No. 1:25-CV-1097-RPK-CHK
       **Plaintiff's Response to Court's Order to Show Cause**

Dear Judge Kaminsky:

  We represent Plaintiff Devin Fernandez ("Plaintiff") in the above-captioned matter. We write in response to the Order to Show Cause issued by this Court on October 17, 2025, ordering Plaintiff to show cause why this action should not be dismissed for lack of Article III standing. As set forth below, Plaintiff has sufficiently alleged standing based on allegations that Plaintiff has expressed his interest in booking an appointment at Defendant's dental office through Defendant's Website, www.newyorkgeneraldentistry.com (the "Website"). Plaintiff has alleged sufficient facts demonstrating his interest in the Website and why he sought to visit Defendant specifically to satisfy Article III.

  "In a civil rights case—particularly one under the ADA—a broad view of constitutional standing is appropriate because private enforcement suits are the primary method of obtaining compliance with the Act." *Walters v. Fischer Skis U.S., LLC*, No. 6:21-CV-1115 (LEK/ATB), 2022 U.S. Dist. LEXIS 142148, at *8 (N.D.N.Y. Aug. 10, 2022)(cleaned up)(citations omitted). In the ADA context, plaintiffs must allege "(1) [] past injury under the ADA; (2) [that] it [is] reasonable to infer that the discriminatory treatment would continue; and (3) [that] it [is] reasonable to infer … that plaintiff intended to return to the subject location." *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187-88 (2d Cir. 2013).

  Plaintiff alleges that he wanted to make an appointment at Defendant's dental office in New York. Defendant offers a variety of dental services – including cosmetic dentistry and implants – which incentivize patients to travel further for the services of a reputable dentist such as Defendant. According to

Defendant's own Website, Defendant was named one of New York's "Top Dentists" in 2022. It should not come as a surprise to neither Defendant nor the Court that Plaintiff would be willing to travel a considerable distance to receive quality, reputable dental care.

However, on multiple, separate occasions, most recently on November 7, 2024, Plaintiff encountered various different access barriers when he visited the Website that prevented him from using the Website as sighted users do and, ultimately, making an appointment. The access barriers included missing alt-text, hidden elements on web pages, incorrectly formatted lists, unannounced pop ups, unclear labels for interactive elements, and the requirement that some events be performed solely with a mouse, as well as broken hyperlinks, which are dead links that, when visited, contain no information on how to return to the Website and continue browsing again. Plaintiff intends to return to the Website in the future if it is remedied for the purpose of making an appointment at Defendant's New York dental office.

As to the first *Kreisler* factor, courts have found similar allegations sufficient to establish past injury at the motion-to-dismiss stage. *See Donet v. Isamax Snacks, Inc.*, No. 1:23-cv-01286 (PAE) (SDA), 2023 U.S. Dist. LEXIS 141913, at *7 (S.D.N.Y. Aug. 14, 2023) ("Further detail on which locations on the website are out of compliance with the applicable statutes is not necessary at this stage because a complaint need not provide 'detailed factual allegations' to survive a motion to dismiss.") (quoting *Young v. Metro. Learning Inst., Inc.*, No. 22-CV-1722 (JPO), 2023 U.S. Dist. LEXIS 23206, at *6 (S.D.N.Y. Feb. 10, 2023); *see also Jaquez v. Dermpoint, Inc.*, No. 20-CV-7589 (JPO), 2021 U.S. Dist. LEXIS 96067, at *4-5 (S.D.N.Y. May 20, 2021) (concluding that general allegations of access barriers, including the website's failure to "describe the contents of graphical images," "properly label title[s]," and "distinguish one page from another," as well as encountering "multiple broken links," were sufficient to survive a motion to dismiss and establish past injury); *see also Tavarez v. Moo Organic Chocolates, LLC*, 641 F. Supp. 3d 76, 81 (S.D.N.Y. 2022) (past injury established where plaintiff alleged that he encountered "certain difficulties" in navigating the website and specified three different dates for accessing the website). Plaintiff's allegations of missing alt-text, hidden elements on web pages, incorrectly formatted lists, unannounced pop ups, unclear labels for interactive elements, and broken hyperlinks, although broadly alleged, are sufficient to establish past injury at this stage of the proceedings. As *Donet* makes explicitly clear, and the allegations of *Jaquez* and *Tavarez* show, it is not necessary at this stage of the proceedings to allege the access barriers that Plaintiff encountered with more specificity.

Plaintiff has also sufficiently alleged the second *Kreisler* factor, the reasonable inference that discriminatory treatment will continue. Plaintiff has alleged that he visited the Website on multiple occasions where he encountered a series of uncorrected problems with the Website, which Defendant failed to do anything to remediate, and Plaintiff intends to return to the Website in the future if it is remediated to make an appointment, noting in particular his interest in working with this particular dentist's office. These allegations are sufficient to establish the reasonable inference that discriminatory treatment will continue. *See Tavarez*, No. 21-CV-9816 (VEC), 2022 U.S. Dist. LEXIS 210720 at *8-9 ("reasonable to infer that this discriminatory treatment will continue because Plaintiff has visited Defendant's website on three occasions, and its accessibility barriers have not been addressed as of September 8, 2022."); *see also Sanchez*, No. 20-CV-10107 (JPO), 2022 U.S. Dist. LEXIS 51247 at *7 (reasonable to infer discriminatory treatment would continue based on allegations that the plaintiff "unsuccessfully tried to navigate the Website, that the site's barriers deter him from visiting the Website in the future, and that he intends to visit the site again in the future when the barriers are cured," noting that the plaintiff "even makes note of his particular interest in pistachio nuts.").

Plaintiff has also sufficiently alleged the third and final *Kreisler* factor, intent to return. At least one case has found similar allegations sufficient to establish intent to return without ever touching on the reasons behind the plaintiff's interest in the particular product he wanted to purchase. *See Loadholt v. ShirtSpace*, No. 22-CV-02870 (ALC), 2023 U.S. Dist. LEXIS 36924, at *6-7 (S.D.N.Y. Mar. 6, 2023) (finding intent to return adequately pled where "Plaintiff has alleged the specific product he intended to purchase—a T-shirt … where Defendant is an apparel retailer and where Plaintiff alleges that he was unable to navigate Defendant's website so that he could properly browse for a specific T-shirt and complete his purchase."). The nexus between the website *as a retail website* and the plaintiff's interest in buying the t-shirt at issue was sufficient, at the motion to dismiss stage, to establish intent to return. *See Loadholt*, No. 22-CV-02870 (ALC), 2023 U.S. Dist. LEXIS 36924 at *6-7.

Other courts have found standing based on sufficiently alleged facts which explain the interest behind a particular product. *See Chalas v. Barlean's Organic Oils, LLC*, No. 22 Civ 04178 (CM), 2022 U.S. Dist. LEXIS 211816, at *8-9 (S.D.N.Y. Nov. 22, 2022) (distinguishing *Calcano* and finding that the plaintiff adequately pled injury-in-fact based on an alleged interest in stomach repair supplements for her cousin and alleging a particularized interest in the website based on the defendant's commitment to staying "ahead of the curve"); *see also Maddy v. Life Time, Inc.*, No. 22-cv-5007 (LJL), 2023 U.S. Dist. LEXIS 115503, at *13-14 (S.D.N.Y. July 5, 2023) (finding intent-to-return adequately pled where the plaintiff "alleges that she has a hobby of collecting body lotions and oils from various brands and enjoys purchasing different branded lotions to add to her collection, and the website offers a specific oil, the Morroccanoil Dry Body Oil, which is a high quality body lotion that Plaintiff wants to add to her collection."); *see also Davis v. Wild Friends Foods, Inc.*, No. 22-cv-04244 (LJL), 2023 U.S. Dist. LEXIS 115542, at *18-20 (S.D.N.Y. July 5, 2023) (distinguishing *Calcano* and finding that the plaintiff had adequately alleged intent-to-return where the plaintiff "alleges that he enjoys honeyed butter, is generally interested in organic food as part of his diet, and was interested in trying a new brand to enjoy a healthy and tasty new food," and where the defendant's honey butter is distinctive for its health-centric and environmentally friendly features). Considering the Complaint as a whole, Plaintiff's allegations sufficiently set forth the reasons behind his interest in visiting Defendant's dental office specifically – he was seeking a dentist that provided cosmetic services and used advanced technology and equipment. This is exactly what Defendant does and why Plaintiff seeks to go there. Plaintiff simply seeks to make appointments and utilize the services of the Website in the same way that a sighted user would.

Recently, in *Fernandez v. Katie May, LLC*, No. 24-CV-1592 (VEC), 2025 U.S. Dist. LEXIS 51174 (S.D.N.Y. Mar. 20, 2025), the Southern District of New York reaffirmed that a blind plaintiff who had trouble accessing a retailer's website sufficiently alleged a cognizable injury-in-fact for purposes of standing under the ADA. The court in *Katie May* emphasized that the plaintiff's alleged inability to browse and purchase goods through the website, coupled with her intent to return to the website, met the threshold requirement for standing at the pleading stage.

Here, Plaintiff's allegations are substantially similar. Plaintiff, who is legally blind, encountered access barriers on Defendant's website that prevented him from effectively navigating the site and utilizing its services. Like the plaintiff in *Katie May*, Plaintiff has expressed a clear intent to return to the website once it becomes accessible, establishing the requisite likelihood of future harm necessary to support standing. The court in *Katie May* recognized that a plaintiff need not attempt a purchase or show repeated efforts to access the website to assert an actionable injury; rather, the mere encounter with discriminatory

barriers and a plausible intent to return is sufficient. Accordingly, under the reasoning set forth in *Katie May*, Plaintiff has adequately alleged standing to proceed with his ADA claim.

To the extent that *Calcano* could be interpreted to undermine these allegations due to Plaintiff's status as a serial filer, *Calcano* is distinguishable.  Not only were the five plaintiffs (whose cases had been consolidated on appeal) serial filers, but the complaints were riddled with a "Mad-Libs style" of drafting that contained so many errors – going to the heart of the plaintiffs' intent to return – that the allegations themselves were implausible.  *See Maddy*, No. 22-cv-5007 (LJL), 2023 U.S. Dist. LEXIS 115503 at *16-17 (noting that the "'Mad-Libs-style complaints'" in *Calcano* were "highly suspect" not because the plaintiffs in that case "had filed numerous similar lawsuits, but also because the allegations in plaintiffs' complaints across the five lawsuits were replete with 'errors, oddities, and omissions.'").  Moreover, the plaintiffs in *Calcano* failed to allege "*any* details" about the circumstances of their past visits.  *See e.g. Tavarez*, 641 F. Supp. 3d at 83 (emphasis in original).  None of the deficiencies that were present in *Calcano* are evident here to justify an inference that the Plaintiff's allegations should not be accepted as true for purposes of Defendant's motion.  *See Maddy*, No. 22-cv-5007 (LJL), 2023 U.S. Dist. LEXIS 115503 at *14 ("There is nothing in the nature of the product that would make it implausible that Plaintiff would have an interest in it.").

For these reasons, Plaintiff has established all three *Kreisler* elements and therefore Article III standing in the context of injunctive relief. Furthermore, should the Court nonetheless deem Plaintiff's allegations insufficient, Plaintiff respectfully requests leave to file an amended complaint.

Respectfully submitted,

Stein Saks, PLLC

By: /s/ Rami Salim
Rami Salim, Esq.
One University Plaza, Suite 620
Hackensack, NJ 07601
Email: rsalim@steinsakslegal.com
Tel: (201) 282-6500
Fax: (201) 282-6501

*Attorneys for Plaintiff*

cc:   All Counsel of Record via ECF