**MAZZOLA LINDSTROM** LLP

Stephen L. Brodsky
Partner
stephen@mazzolalindstrom.com
O. 646.216.8300  M. 516.314.1407

October 28, 2025

**VIA ECF**

Hon. Clay H. Kaminsky, USMJ-EDNY
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re: Devin Fernandez v. Inna Chern DDS, Inc. (25-cv-1097)**

Dear Magistrate Judge Kaminsky:

      We have filed a notice of appearance on behalf of defendant, Inna Chern DDS, Inc. ("Defendant"), and respectfully submit Defendant's opposition to plaintiff Devin Fernandez's ("Plaintiff") letter, dated October 24, 2025, in reply to this Court's Order of October 17, 2025 directing Plaintiff to show cause why the Complaint should not be dismissed.

      First, we note there is no allegation, much less sworn declaration by the Plaintiff himself, as to what specific services he was seeking from Defendant. He alleges that he accessed Defendant's website, because he sought a "local" clinic offering comprehensive dental services. However, Defendant's dental practice is in Manhattan, and (according to a public records search), Plaintiff resides in West Islip on Long Island, approximately two (2) hours away by car or train.

      Plaintiff does not allege (let alone attest) that he intended to travel the distance from West Islip to Manhattan for "comprehensive" dental services. As he is blind, it is especially implausible that Plaintiff would make such a trip.

      Plaintiff has also failed to allege that he sought a particular specialty service provided by Defendant. From the Complaint, one may infer that he, for example, needed a cleaning, but there is no reason to believe he would have endured the inconvenience of traveling such a distance to Manhattan simply for generic "comprehensive" services.

      Plaintiff does not allege that he would have done so. Instead, he simply states he was looking for a practice that had advanced technology and a personalized approach to address "his current dental concerns." (¶39). Since there is no allegation as to what those "concerns" were, Plaintiff has not alleged he has suffered actual damages. In *Chalas v. Barlean's Organic Oils, LLC*, No. 22-cv-04178 (CM), 2022 WL 17156838, at *3 (S.D.N.Y. Nov. 22, 2022), which was cited in

this Court's Order To Show Cause ("OTSC"), the plaintiff sought a *unique product* from the defendant, in contrast to the Plaintiff here, who merely alleges he was seeking "comprehensive" dental services.

As there is nothing unique about "comprehensive" dental services, nor any allegation that he would have traveled into the Manhattan for a dental visit, Plaintiff has not alleged that he sustained an actual injury, much less that he has standing as a class representative to obtain injunctive relief. For this reason alone, the Complaint should be dismissed.

Second, Plaintiff alleges that he attempted to access Defendant's website on November 7, 2024 and encountered problems, but also states he encountered problems on "multiple" occasions. This inherent contradiction in his allegations is notable and suspect. Moreover, Plaintiff's evident lack of specificity demonstrates there was no good-faith desire by the Plaintiff to avail himself of Defendant's dental services; rather, he was obviously merely searching for a target for an ADA lawsuit. In *Davis v. Wild Friends Foods, Inc*., No. 22-cv-04244 (LJL), 2023 WL 4364465, at *6 (S.D.N.Y. July 5, 2023), cited by this court in its OTSC, there were specific allegations of five separate attempts to access the defendant's website. Indeed, the amended complaint therein alleges that "[o]n April 16, 2022, May 6, 2022, May 8, 2022, June 1, 2022, and August 15, 2022, Plaintiff browsed and attempted to transact business on Defendant's website." (See 22-cv-4244, Dkt. No. 15, ¶2). Here, the Plaintiff only alleges a single attempt to access defendant's website, on November 7, 2024. Lacking a good faith basis, the Complaint should be dismissed.

Defendant submits that Plaintiff's allegation of his desire to access its website to schedule a visit for "comprehensive" dental services –two hours from where he resides – is most closely akin to the generic allegations in *Martin v. Brooklyn Bagel & Coffee Co*., No. 24-cv-03758 (ARR) (RML), 2024 WL 4827737, at *5-6 (E.D.N.Y. Nov. 18, 2024), also cited in the Court's OTSC, mandating dismissal here, based on Plaintiff's lack of standing by compensable injury and damages.

Specifically, *Martin* held it was insufficient to allege that one was interested in eating breakfast at the defendant's restaurant to state a claim that the defendant's website was not ADA compliant. Here, as Plaintiff could have sought and received "comprehensive" dental services in his hometown, he cannot establish that he sustained a compensable injury. Quoting *Loadholt v. Oriental-Decor.com Inc*., No. 22-CV-8205, 2024 WL 78243, at *4 (S.D.N.Y. Jan. 4, 2024), the *Martin* court stated:

> courts in this Circuit have required specific factual allegations to establish standing, such as details about a plaintiff's past visits to a defendant's website, the reasoning behind a plaintiff's desire for a particular product, and an explanation of a plaintiff's need to purchase products from the particular website in question.

Here, Plaintiff merely alleges intent to return to Defendant's website (see ¶49), not that he intends to actually seek dental treatment from Defendant. Plaintiff has, therefore, failed to allege that he sustained damages.

MAZZOLA LINDSTROM LLP

Third, Defendant's website is ADA compliant, as demonstrated by the accompanying Declaration of Andrew Cromer, dated October 28, 2025, submitted herewith.

For all the above reasons, Defendant respectfully submits that Plaintiff's Complaint must be dismissed with prejudice. However, in the event the Complaint is not dismissed, Defendant respectfully requests that the Court grant Defendant ten (10) days to interpose its answer.

Respectfully submitted,

**MAZZOLA LINDSTROM LLP**

By:  /s/  *Stephen L. Brodsky*
      Stephen L. Brodsky