UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
DEVIN FERNANDEZ,

       Plaintiff,                              25-cv-1097

   -against-

INNA CHERN, DDS, INC.,

       Defendant.
---------------------------------------------------------x

**Declaration of Non-Party Witness Andrew Cromer**

I, Andrew Cromer, state under penalty of perjury, pursuant to 28 USC 1746, as follows:

1.      I am the CFO of Digital Limelight Media LLC, located in Grand Rapids Michigan. I make this declaration based upon my personal knowledge.

2.      DLM is in the digital marketing business and creates and manages websites for medical providers.

3.      My company is familiar with ADA requirements, and, when designing and maintaining websites, we take market-standard measures, detailed below, to make them accessible to those who are visually impaired.

4.      I understand that the plaintiff in this action claims that defendant Inna Chern DDS, Inc.'s website newyorkgeneraldentistry.com is not ADA compliant.

5.      To the contrary, when my company DLM took over the marketing of the website, we included the standard plug-in to make it accessible to the visually impaired, using the paid UserWay.org plug-in, which is designed and marketed to make websites compliant with the "Web Content Accessibility Guidelines," known as WCAG 2.1 and WCAG 2.2.

6.      Our electronic records show that the paid Userway.org plug-in was installed on the defendant's website in June 2021, as documented by the attached confirmation notice,

showing "newyorkgeneraldentistry.com" and "Congratulations! UserWay's AI-Powered solution is successfully remediating accessibility issues."



7. I understand that the plaintiff alleges that he had accessibility problems on November 7, 2024 when the plaintiff allegedly accessed the defendant's website; however, since the plug-in was installed prior to that date, it would appear more likely that any accessibility problem is on the plaintiff's side, rather than from the side of the defendant's website with the functioning accessibility plug-in.

8. I visited the website today and confirmed that the plug-in is active, functioning, and is in compliance with WCAG 2.1 and WCAG 2.2. While I did not visit the site on November 7, 2024, the plug-in has been in continuous use since 2021, so it is most likely that any alleged accessibility problem relates to the plaintiff's computer, not the defendant's website.

Dated: Grand Rapids, Michigan
       October 28, 2025

                                          *Andrew Cromer*
                                          _____
                                          Andrew Cromer