UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
225 CADMAN PLAZA EAST
BROOKLYN, NEW YORK 11201

CHAMBERS OF
CLAY H. KAMINSKY
UNITED STATES MAGISTRATE JUDGE

OFFICIAL BUSINESS

FIRST-CLASS MAIL
IMI
$002.44
08/30/2025 ZIP 11201
043M02206404
US POSTAGE

quadient

Inna Chern DDS, Inc.
33 East 58 St., Ste. 409
New York, New York 10022

ANK?

U S M

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   DEC 16 2025   ★

BROOKLYN OFFICE

NIXIE        061   58 18CU        0212/12/25
RETURN TO SENDER
ATTEMPTED - NOT KNOWN
UNABLE TO FORWARD
BC: 11201183299      0060N345205-01447

ANK

ACO,DECLINED-CONSENT,MJI

# U.S. District Court
## Eastern District of New York (Brooklyn)
## CIVIL DOCKET FOR CASE #: 1:25-cv-01097-RPK-CHK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

BROOKLYN OFFICE

Fernandez v. Inna Chern DDS, Inc.
Assigned to: Judge Rachel P. Kovner
Referred to: Magistrate Judge Clay H. Kaminsky
Cause: 42:1201 Civil Rights (Disability)

Date Filed: 02/26/2025
Jury Demand: Plaintiff
Nature of Suit: 446 Civil Rights: Americans with Disabilities - Other
Jurisdiction: Federal Question

**Plaintiff**

**Devin Fernandez**
*On behalf of himself and all others similarly situated,*

represented by **Rami Salim**
Stein Saks PLLC
One University Plaza
Suite 620
Hackensack, NJ 07601
201-282-6500
Email: rsalim@steinsakslegal.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Inna Chern DDS, Inc.**

| Date Filed | # | Docket Text |
|---|---|---|
| 02/26/2025 | 1 | COMPLAINT *Devin Fernandez* against Inna Chern DDS, Inc. filing fee $ 405, receipt number ANYEDC-18801363 Was the Disclosure Statement on Civil Cover Sheet completed -No,, filed by Devin Fernandez. (Attachments: # 1 Civil Cover Sheet, # 2 Proposed Summons) (Salim, Rami) (Entered: 02/26/2025) |
| 02/26/2025 | 2 | This attorney case opening filing has been checked for quality control. See the attachment for corrections that were made. (LJ) (Entered: 02/26/2025) |
| 02/26/2025 | | Case Assigned to Magistrate Judge Joseph A. Marutollo. Please download and review the Individual Practices of the assigned Judges, located on our website. Attorneys are responsible for providing courtesy copies to judges where their Individual Practices require such. (CV) (Entered: 02/26/2025) |
| 02/26/2025 | 3 | Clerks Notice Re: Consent. A magistrate judge has been assigned as the presiding judge in this case as part of a Pilot Program, governed by EDNY Administrative Order 2023-23. In accordance with Rule 73 of the Federal Rules of Civil Procedure, Local Rule 73.1, the parties are notified that if all parties consent, the assigned Magistrate Judge is available to conduct all proceedings in this action including a (jury or nonjury) trial and to order the entry of a final judgment. Attached to this Notice is a blank copy of the consent form that should be filled out, signed and filed electronically only if all parties wish to consent. The form is also available here: https://www.nyed.uscourts.gov/edny-direct-assignment-pilot-program. Any party may withhold its consent without adverse substantive consequences. Do NOT return or file the consent unless all parties have signed the consent. Unless all parties consent to the Magistrate Judge jurisdiction by the deadline set forth in the Administrative Order 2023-23, a District Judge will be assigned to the case. The parties are directed to review the terms of Administrative Order 2023-23 and other materials related to the Pilot Program on the Courts website: https://www.nyed.uscourts.gov/edny-direct-assignment-pilot-program. (CV) (Entered: 02/26/2025) |
| 02/26/2025 | 4 | Summons Issued as to Inna Chern DDS, Inc.. (CV) (Entered: 02/26/2025) |
| 03/03/2025 | 5 | SCHEDULING ORDER: An in-person initial conference will be held on May 7, 2025 at 12:30 p.m. in Courtroom 324 North before Magistrate Judge Joseph A. Marutollo. The parties must complete the attached proposed Discovery Plan and Scheduling Order and file it on ECF no later than May 2, 2025. Plaintiff is directed to ensure that all Defendants are aware of this conference. Counsel with knowledge of the case must attend the conference; *per diem* counsel may not appear without prior permission of the Court. The parties are directed to review this Court's Individual Practices and Rules in advance of the conference. Ordered by Magistrate Judge Joseph A. Marutollo on 3/3/2025. (Attachments: # 1 Individual Practices and Rules) (EG) (Entered: 03/03/2025) |



| | | |
|---|---|---|
| 03/21/2025 | 6 | SUMMONS Returned Executed by Devin Fernandez. Inna Chern DDS, Inc. served on 3/20/2025, answer due 4/10/2025. (Salim, Rami) (Entered: 03/21/2025) |
| 04/29/2025 | | ORDER: Due to a change in the Court's calendar, the in-person initial conference is RESCHEDULED to May 9, 2025 at 2:30 pm in Courtroom 324 North. All corresponding deadlines remain the same. Ordered by Magistrate Judge Joseph A. Marutollo on 4/29/2025. (EG) (Entered: 04/29/2025) |
| 05/07/2025 | | ORDER: The initial conference is adjourned *sine die*. Plaintiff shall file a letter by May 12, 2025 providing an update as to (a) Defendant's proper service address, and the grounds on which Plaintiff makes that assertion; (b) whether Plaintiff has, in his possession, any contact phone number, email address, or any other property address(es) for Defendant; and (c) what efforts, if any, Plaintiff has made to determine Defendant's proper service address or contact information, including its email address and phone number. Ordered by Magistrate Judge Joseph A. Marutollo on 5/7/2025. (EG) (Entered: 05/07/2025) |
| 05/13/2025 | | ORDER: Plaintiff was ordered to file a letter outlining the status of service by May 12, 2025. No such document has been filed on the docket. Plaintiff shall file the letter by May 13, 2025, at 5:00 p.m. Ordered by Magistrate Judge Joseph A. Marutollo on 5/13/2025. (GWM) (Entered: 05/13/2025) |
| 05/13/2025 | 7 | Letter *regarding service* by Devin Fernandez (Salim, Rami) (Entered: 05/13/2025) |
| 05/13/2025 | | ORDER: The Clerk of the Court is respectfully ordered to mail a copy of the Complaint and docket sheet to the following address: Inna Chern DDS, Inc., 133 E 58th Street, Suite 409, New York, NY 10022. Ordered by Magistrate Judge Joseph A. Marutollo on 5/13/2025. (EG) Copies mailed. (Entered: 05/13/2025) |
| 05/28/2025 | | ORDER: Plaintiff shall seek a certificate of default from the Clerk of the Court by July 2, 2025. Ordered by Magistrate Judge Joseph A. Marutollo on 5/28/2025. (EG) (Entered: 05/28/2025) |
| 07/02/2025 | 8 | Request for Certificate of Default by Devin Fernandez (Salim, Rami) (Entered: 07/02/2025) |
| 07/02/2025 | 9 | CERTIFICATE OF SERVICE by Devin Fernandez re 8 Request for Certificate of Default (Salim, Rami) (Entered: 07/02/2025) |
| 07/07/2025 | 10 | Clerk's ENTRY OF DEFAULT It appearing from the docket maintained in this action that defendant Inna Chern DDS, Inc. has failed to appear or otherwise defend this action, the default of defendant Inna Chern DDS, Inc. is hereby noted pursuant to Rule 55a of the Federal Rules of Civil Procedure. (JP) (Entered: 07/07/2025) |
| 07/07/2025 | | ORDER: The Clerk of the Court is respectfully ordered to assign a District Judge to this matter. (EG) (Entered: 07/07/2025) |
| 07/08/2025 | | Case reassigned to Judge Rachel P. Kovner and Magistrate Judge Joseph A. Marutollo. Magistrate Judge Joseph A. Marutollo no longer assigned as presider to the case. Please download and review the Individual Practices of the assigned Judges, located on our website. Attorneys are responsible for providing courtesy copies to judges where their Individual Practices require such. (DA) (Entered: 07/08/2025) |
| 08/01/2025 | | Case reassigned to Magistrate Judge Clay H. Kaminsky. Magistrate Judge Joseph A. Marutollo no longer assigned to the case. Please download and review the Individual Practices of the assigned Judges, located on our website. Attorneys are responsible for providing courtesy copies to judges where their Individual Practices require such. (LF) (Entered: 08/01/2025) |
| 09/29/2025 | | SCHEDULING ORDER: A telephonic Default Conference will be held on October 15, 2025 at 11:30a.m. before Magistrate Judge Clay H. Kaminsky. To access this conference, the parties are directed to call the number 571-353-2301, enter the call ID number 657415711, and then press #. The parties shall dial in ten (10) minutes before the conference.<br><br>Although Defendant Inna Chern DDS, Inc., has not appeared in this case, Defendant may appear at the conference. Plaintiff asserts, *inter alia*, claims against Defendant under the Americans with Disabilities Act relating to the accessibility of Defendant's website. Plaintiff has represented that the Defendant has been served with the Complaint 1, which is the document that states Plaintiff's claims against Defendant and that Defendant has not appeared to defend this action. The Clerk of Court has therefore entered a Certificate of Default against Defendant. Should Plaintiff move for a default judgment, Defendant could be held liable because Defendant has not responded to this lawsuit by answering it or moving to dismiss. If Defendant does not participate in the lawsuit now, Defendant would likely waive the right to raise factual or legal defenses that Defendant may have to Plaintiff's claims. The Court would prefer to resolve this dispute on its merits. *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95-96 (2d Cir. 1993) (underscoring the "oft-stated preference for resolving dispute on the merits" and the principle that "defaults are generally disfavored").<br><br>As a courtesy to Defendant, and to facilitate Defendant's appearance at the Default Conference, Plaintiff's counsel shall mail a copy of this Order, the Docket Sheet, the Complaint, and the Summons to Defendant's business address and shall send the same documents by email to all known email addresses of Defendant. |

| | | Plaintiff's counsel shall file a declaration on or before **October 6, 2025**, confirming Plaintiff's compliance with this order or, alternatively, explaining why Plaintiff was unable to comply with this Order. The Court will also mail a copy of these documents to Defendant at 33 East 58th St., ste 409, New York, NY 10022. Ordered by Magistrate Judge Clay H. Kaminsky on 9/29/2025. (MAS) (Entered: 09/29/2025) |
|---|---|---|
| 09/29/2025 | <u>11</u> | STATUS REPORT by Devin Fernandez (Salim, Rami) (Entered: 09/29/2025) |
| 09/29/2025 | <u>12</u> | CERTIFICATE OF SERVICE by Devin Fernandez *of Order entered on 9/29/25, Docket Sheet, Summons and Complaints* (Salim, Rami) (Entered: 09/29/2025) |

Revised 02.13.2025 JS 44 (Rev. 02/25) Effective 02/17/2025

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Devin Fernandez, on behalf of himself and all others similarly situated,

**(b)** County of Residence of First Listed Plaintiff   Suffolk
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Stein Saks, PLLC, One University Plaza, Suite 620
Hackensack, NJ, 07601 (201) 282 6500

## DEFENDANTS
Inna Chern DDS., P.C.

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | ☐ 370 Other Fraud | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☒ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court |
| ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened |
| ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer |
| ☐ 8 Multidistrict Litigation - Direct File | |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title III of the Americans with Disabilities Act
Brief description of cause:
Inaccessible website.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE   2/25/2025
SIGNATURE OF ATTORNEY OF RECORD   *Konstantin Salim*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## CERTIFICATION OF ARBITRATION ELIGIBILITY

Local Arbitration Rule 83.7 provides that with certain exceptions, actions seeking money damages only in an amount not in excess of $150,000, exclusive of interest and costs, are eligible for compulsory arbitration. The amount of damages is presumed to be below the threshold amount unless a certification to the contrary is filed.

Case is Eligible for Arbitration ☐

I, __Rami Salim_____, counsel for __Devin Fernandez_____, do hereby certify that the above captioned civil action is ineligible for compulsory arbitration for the following reason(s):

☐ monetary damages sought are in excess of $150,000.00 exclusive of interest and costs,

☑ the complaint seeks injunctive relief, or

☐ the matter is otherwise ineligible for the following reason:

## DISCLOSURE STATEMENT - FEDERAL RULES CIVIL PROCEDURE 7.1

Identify any parent corporation and any publicly held corporation that owns 10% or more or its stocks. Add an additional page if needed.

None.

## RELATED CASE STATEMENT (Section VIII on the Front of this Form)

Please list all cases that are arguably related pursuant to Division of Business Rule 3 in Section VIII on the front of this form. Rule 3(a) provides that "A civil case is "related" to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge." Rule 3(a) provides that "A civil case shall not be deemed "related" to another civil case merely because the civil case involves identical legal issues, or the same parties." Rule 3 further provides that "Presumptively, and subject to the power of a judge to determine otherwise pursuant to paragraph (b), civil cases shall not be deemed to be "related" unless both cases are still pending before the court."

## NEW YORK EASTERN DISTRICT DIVISION OF BUSINESS RULE 1(d)(3)

*If you answer "Yes" to any of the questions below, this case will be designated as a Central Islip case and you must select Office Code 2.*

1. Is the action being removed from a state court that is located in Nassau or Suffolk County?   ☐ Yes ☑ No

2. Is the action—not involving real property—being brought against United States, its officers or its employees AND the majority of the plaintiffs reside in Nassau or Suffolk County?   ☐ Yes ☑ No

3. If you answered "No" to all parts of Questions 1 and 2:

   a. Did a substantial part of the events or omissions giving rise to claim or claims occur in Nassau or Suffolk County?   ☐ Yes ☑ No

   b. Do the majority of defendants reside in Nassau or Suffolk County?   ☐ Yes ☑ No

   c. Is a substantial amount of any property at issue located in Nassau or Suffolk County?   ☐ Yes ☑ No

4. If this is a Fair Debt Collection Practice Act case, was the offending communication received in either Nassau or Suffolk County?   ☐ Yes ☐ No

*(Note, a natural person is considered to reside in the county in which that person is domiciled; an entity is considered a resident of the county that is either its principal place of business or headquarters, of if there is no such county in the Eastern District, the county within the District with which it has the most significant contacts).*

## BAR ADMISSION

I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court.

☑ Yes   ☐ No

Are you currently the subject of any disciplinary action (s) in this or any other state or federal court?

☐ Yes (If yes, please explain)   ☑ No

I certify the accuracy of all information provided above.

Signature: *Rami Salim*_____

Case 1:25-cv-01097-RPK-CHK    Document 1    Filed 02/26/25    Page 1 of 22 PageID #: 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - -x

DEVIN FERNANDEZ, on behalf of himself and : 
all others similarly situated,
                                     :
                                     :       Case No.: 25-1097

             Plaintiffs,     :

                                     :       CLASS ACTION COMPLAINT
         v.                      :       AND DEMAND FOR JURY TRIAL
                                     :

INNA CHERN DDS, P.C.,            :

             Defendant.     :

                                       :

- - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## INTRODUCTION

1.       Plaintiff DEVIN FERNANDEZ ("Plaintiff") on behalf of himself and

others similarly situated, asserts the following claims against Defendant INNA CHERN

DDS, P.C., ("Defendant") as follows.

2.       Plaintiff is a visually-impaired and legally blind person who requires

screen-reading software to read website content using the computer. Plaintiff uses the terms

"blind" or "visually-impaired" as Plaintiff's central visual acuity with correction is less

than or equal to 20/200.

3.       Based on a 2020 U.S. Census Bureau report, approximately 8.1 million

people in the United States are visually impaired[1], including 2.0 million who are blind.

According a 2016 report published by the National Federation of the Blind, 2016 report,

approximately 418,500 visually impaired persons live in the State of New York.[2]

---

[1] *See* United States Census Bureau Report.
[2] *See* 2016 Report – National Federation for the Blind.

4.    Plaintiff brings this civil rights action against Defendant for the failure to design, construct, maintain, and operate Defendant's website, www.newyorkgeneraldentistry.com (the "Website"), to be fully accessible to and independently usable by Plaintiff and other blind or visually-impaired people. Defendant's denial of full and equal access to the Website, and therefore denial of the goods and services offered thereby, is a violation of Plaintiff's rights under the Americans with Disabilities Act ("ADA").

5.    Congress provides a clear and national mandate for the elimination of discrimination against individuals with disabilities. Such discrimination includes barriers to full integration, independent living, and equal opportunity for persons with disabilities, including those barriers created by websites and other public accommodations that are inaccessible to blind and visually impaired persons. Similarly, New York City law requires places of public accommodation to ensure access to goods, services, and facilities by making reasonable accommodations for persons with disabilities.

6.    Defendant's website is not equally accessible to blind and visually impaired consumers; therefore, Defendant is in violation of the ADA. Plaintiff now seeks a permanent injunction to cause a change in Defendant's corporate policies, practices, and procedures so that Defendant's Website will become and remain accessible to blind and visually-impaired consumers.

## JURISDICTION AND VENUE

7.    This Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1331 and 42 U.S.C. § 12182, as Plaintiff's claims arise under Title III of the ADA, 42 U.S.C. § 12182, *et seq.*

8.     This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 *et seq.*, ("NYCHRL") claims.

9.     Venue is proper in this district under 28 U.S.C. §1391(b)(1) and (2) because Defendant conducts and continues to conduct a substantial and significant amount of business in this District, and a substantial portion of the conduct complained of herein occurred in this District because Plaintiff attempted to utilize, on a number of occasions, the subject Website within this Judicial District.

10.     Defendant is subject to personal jurisdiction in this District. Defendant has been and is committing the acts or omissions alleged herein in the Eastern District of New York that caused injury and violated rights the ADA prescribes to Plaintiff and to other blind and other visually impaired-consumers. A substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in this District: on several separate occasions, Plaintiff has been denied the full use and enjoyment of the facilities, goods and services offered to the general public, on Defendant's Website in Suffolk County. These access barriers that Plaintiff encountered have caused a denial of Plaintiff's full and equal access multiple times in the past, and now deter Plaintiff on a regular basis from accessing the Defendant's Website in the future.

11.     The United States Department of Justice Civil Rights Division has recently issued that "the Department has consistently taken the position that the ADA's requirements apply to all the goods, services, privileges, or activities offered by public accommodations, including those offered on the web."[3]

---

[3] *See* Guidance on Web Accessibility and the ADA.

Case 1:25-cv-01097-RPK-CHK   Document 20   Filed 12/16/25   Page 10 of 32 PageID #:
114
Case 1:25-cv-01097-RPK-CHK   Document 1   Filed 02/26/25   Page 4 of 22 PageID #: 4

12.     This Court is empowered to issue a declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

THE PARTIES

13.     Plaintiff DEVIN FERNANDEZ, at all relevant times, is and was a resident of Suffolk County, New York.

14.     Plaintiff is a blind, visually-impaired handicapped person and a member of a protected class of individuals under the ADA, under 42 U.S.C. § 12102(1)-(2), and the regulations implementing the ADA set forth at 28 CFR §§ 36.101 *et seq.*, and NYCHRL.

15.     Upon information and belief, Defendant is, and at all relevant times was, doing business in this jurisdiction.

16.     Defendant's Website, and the goods and services offered thereupon, is a public accommodation within the definition of Title III of the ADA, 42 U.S.C. § 12181(7)(j).

STANDING

17.     Plaintiff DEVIN FERNANDEZ is a blind, visually-impaired handicapped person and a member of a protected class of individuals under the ADA, under 42 U.S.C. § 12102(1)-(2), and the regulations implementing the ADA set forth at 28 CFR §§ 36.101 *et seq.*, and NYCHRL.

18.     Consumers such as the Plaintiff may access brand related content and services at the Website Defendant owns, operates, and controls.

19.     Plaintiff was injured when Plaintiff attempted multiple times, most recently on November 7, 2024 to access Defendant's Website from Plaintiff's home in an effort to utilize Defendant's services, but encountered barriers that denied the full and equal access to Defendant's online, content, and services.

20.     Specifically, Plaintiff wanted to schedule an appointment.

21.     Plaintiff's desire to visit this place was due to the fact that he needed a local clinic offering comprehensive dental services. He wanted to find a practice with advanced technology and personalized approach to address his current dental concerns.

22.     This Website hold themselves out as online platform of New York General Dentistry renowned for personalized, high-tech dental care. They offer preventive, cosmetic, and implant dentistry in a boutique, modern office, prioritizing patient comfort and systemic health. Therefore, Plaintiff desired to book an appointment on the website.

23.     Due to Defendant's failure to build the Website in a manner that is compatible with screen access programs, Plaintiff was unable to understand and properly interact with the Website and was thus denied the benefit of scheduling an appointment.

24.     The law requires that the Defendant reasonably accommodate Plaintiff's disabilities by removing these existing access barriers.

25.     Plaintiff has been, and in absence of an injunction will continue to be injured by Defendant's failure to provide its online content and services in a manner that is compatible with screen reader technology.

26.     Because of Defendant's denial of full and equal access to and enjoyment of the benefits and services of the Website, Plaintiff has suffered an injury in fact due to his inability to schedule an appointment, which is a concrete and particularized injury, and is a direct result of Defendant's conduct.

27.     Despite this direct harm and frustration, Plaintiff intends to attempt to access the Website in the future to utilize the services the Website offers, and more specifically to schedule an appointment, if remedied.

<u>NATURE OF ACTION</u>

28.     The Internet has become a significant source of information, a portal, and a tool for conducting business, doing everyday activities such as shopping, learning, banking, researching, as well as many other activities for sighted, blind, and visually-impaired persons alike.

29.     In today's tech-savvy world, blind and visually impaired people have the ability to access websites using keyboards in conjunction with screen access software that vocalizes the visual information found on a computer screen or displays the content on a refreshable Braille display. This technology is known as screen-reading software. Screen-reading software is currently the only method a blind or visually-impaired person may use to independently access the internet. Unless websites are designed to be read by screen-reading software, blind and visually-impaired persons are unable to fully access websites, and the information, products, and goods contained thereon.

30.     Blind and visually-impaired users of Windows operating system-enabled computers and devices have several screen-reading software programs available to them. Some of these programs are available for purchase and other programs are available without the user having to purchase the program separately. Job Access With Speech, otherwise known as "JAWS" is currently the most popular, separately purchased and downloaded screen-reading software program available for a Windows computer. Another popular screen-reading software program available for a Windows computer is NonVisual Desktop Access "NVDA".

31.     For screen-reading software to function, the information on a website must be capable of being rendered into text. If the website content is not capable of being

rendered into text, the blind or visually-impaired user is unable to access the same content available to sighted users.

32.     The international website standards organization, the World Wide Web Consortium, known throughout the world as W3C, has published version 2.1 of the Web Content Accessibility Guidelines ("WCAG 2.1"). WCAG 2.1 are well-established guidelines for making websites accessible to blind and visually-impaired people. These guidelines are universally followed by most large business entities and government agencies to ensure websites are accessible.

33.     Non-compliant websites pose common access barriers to blind and visually-impaired persons. Common barriers encountered by blind and visually impaired persons include, but are not limited to, the following:

> a.     A text equivalent for every non-text element is not provided;
>
> b.     Title frames with text are not provided for identification and navigation;
>
> c.     Equivalent text is not provided when using scripts;
>
> d.     Forms with the same information and functionality as for sighted persons are not provided;
>
> e.     Information about the meaning and structure of content is not conveyed by more than the visual presentation of content;
>
> f.     Text cannot be resized without assistive technology up to 200% without losing content or functionality;
>
> g.     If the content enforces a time limit, the user is not able to extend, adjust or disable it;

h.  Web pages do not have titles that describe the topic or purpose;

i.  The purpose of each link cannot be determined from the link text alone or from the link text and the programmatically determined link context;

j.  One or more keyboard operable user interface lacks a mode of operation where the keyboard focus indicator is discernible;

k.  The default human language of each web page cannot be programmatically determined;

l.  When a component receives focus, it may initiate a change in context;

m.  Changing the setting of a user interface component may automatically cause a change of context where the user has not been advised before using the component;

n.  Labels or instructions are not provided when content requires user input, which include captcha prompts that require the user to verify that he or she is not a robot;

o.  In content which is implemented by using markup languages, elements do not have complete start and end tags, elements are not nested according to the specifications, elements may contain duplicate attributes, and/or any IDs are not unique;

p.  Inaccessible Portable Document Format (PDF); and,

q.  The name and role of all User Interface elements cannot be

programmatically determined; items that can be set by the user cannot be programmatically set; and/or notification of changes to these items is not available to user agents, including assistive technology.

34.     Websites have features and content that are modified on a daily, and in some instances hourly basis and a one time "fix" to an inaccessible digital platform will not cause the digital platform to remain accessible without a corresponding in change in corporate policies related to those web-based technologies. To evaluate whether an inaccessible website has been rendered accessible, and whether corporate policies related to website technologies have been changed in a meaningful manner that will cause the website to remain accessible, the website must be reviewed on a periodic basis using both automated accessibility screening tools and end user testing by disabled individuals.

## STATEMENT OF FACTS

35.     Defendant    is    a    company    that    owns    and    operates www.newyorkgeneraldentistry.com (its "Website"), offering features which should allow all consumers to access the services that Defendant offers.

36.     Defendant's Website offers services online to the public. The Website offers features which ought to allow users to browse for services, access navigation bar descriptions, and avail consumers of the ability to peruse the numerous services and location of the Defendant.

37.     Plaintiff was injured when Plaintiff attempted multiple times, most recently on November 7, 2024 to access Defendant's Website from Plaintiff's home in an effort to schedule an appointment, but encountered barriers that denied the full and equal access to Defendant's online goods, content, and services.

38.     Specifically, Plaintiff wanted to schedule an appointment.

39.     Plaintiff's desire to visit this place was due to the fact that he needed a local clinic offering comprehensive dental services. He wanted to find a practice with advanced technology and personalized approach to address his current dental concerns.

40.     This Website hold themselves out as online platform of New York General Dentistry renowned for personalized, high-tech dental care. They offer preventive, cosmetic, and implant dentistry in a boutique, modern office, prioritizing patient comfort and systemic health. Therefore, Plaintiff desired to book an appointment on the website.

41.     On November 7, 2024 Plaintiff visited Defendant's website, to schedule an appointment. Despite his efforts, however, Plaintiff was denied an experience similar to that of a sighted individual due to the website's lack of a variety of features and accommodations, which effectively barred Plaintiff from having an unimpeded browsing experience.

42.     The Website contains access barriers that prevent free and full use by the Plaintiff using keyboards and screen reading software. These barriers include but are not limited to: missing alt-text, hidden elements on web pages, incorrectly formatted lists, unannounced pop ups, unclear labels for interactive elements, and the requirement that some events be performed solely with a mouse.

43.     The Website also contained a host of broken links, which is a hyperlink to a non-existent or empty webpage. For the visually impaired this is especially paralyzing due to the inability to navigate or otherwise determine where one is on the website once a broken link is encountered.

Case 1:25-cv-01097-RPK-CHK    Document 1    Filed 02/26/25    Page 11 of 22 PageID #:
11

44.     Specifically, interactive elements are not keyboard focusable. The website has functionality that is dependent on the specific devices such as a mouse, and is not available to the assistive technology users.

45.     Additionally, the navigation menu does not allow the repeated content to be expanded or collapsed, and it expanded automatically after receiving focus, forcing Plaintiff to navigate through all the sub-menu elements.

46.     Furthermore, when opening a dialog, focus order does not move from trigger button to dialog items. Assistive technology users should not be confused when they navigate through content, and encounter information in an order that is consistent with the meaning of the content and can be operated from the keyboard.

47.     Finally, when attempting to make an appointment, calendar or date picker does not provide accessible information, like instructions, description for form controls, shortcuts to the assistive technology. The user is unaware how to use calendar or date picker because of lack of the instructions.

48.     These access barriers effectively denied Plaintiff the ability to use and enjoy Defendant's website the same way sighted individuals do.

49.     Plaintiff intends to visit the Website in the near future if it is made accessible.

50.     It is, upon information and belief, Defendant's policy and practice to deny Plaintiff, along with other blind or visually-impaired users, access to Defendant's website, and to therefore specifically deny the goods and services that are offered to the general public. Due to Defendant's failure and refusal to remove access barriers to its website, Plaintiff and visually-impaired persons have been and are still being denied equal access

to Defendant's Website, and the numerous services and benefits offered to the public through the Website.

51.     Due to the inaccessibility of Defendant's Website, blind and visually-impaired customers such as Plaintiff, who need screen-readers, cannot fully and equally use or enjoy the facilities and services Defendant offers to the public on its website. The access barriers Plaintiff encountered have caused a denial of Plaintiff's full and equal access in the past, and now deter Plaintiff on a regular basis from equal access to the Website.

52.     If the Website were equally accessible to all, Plaintiff could independently navigate the Website and complete a desired transaction as sighted individuals do.

53.     Through his attempts to use the Website, Plaintiff has actual knowledge of the access barriers that make these services inaccessible and independently unusable by blind and visually-impaired people.

54.     Because simple compliance with the WCAG 2.1 Guidelines would provide Plaintiff and other visually-impaired consumers with equal access to the Website, Plaintiff alleges that Defendant has engaged in acts of intentional discrimination, including but not limited to the following policies or practices:

      a.     Constructing and maintaining a website that is inaccessible to visually-impaired individuals, including Plaintiff;

      b.     Failure to construct and maintain a website that is sufficiently intuitive so as to be equally accessible to visually impaired individuals, including Plaintiff; and,

      c.     Failing to take actions to correct these access barriers in the face of

substantial harm and discrimination to blind and visually-impaired consumers, such as Plaintiff, as a member of a protected class.

55.     Defendant therefore uses standards, criteria, or methods of administration that have the effect of discriminating or perpetuating the discrimination of others, as alleged herein.

56.     The ADA expressly contemplates the injunctive relief that Plaintiff seeks in this action. In relevant part, the ADA requires:

> In the case of violations of . . . this title, injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities . . . [w]here appropriate, injunctive relief shall also include requiring the . . . modification of a policy . . .

42 U.S.C. § 12188(a)(2).

57.     Because Defendant's Website has never been equally accessible, and because Defendant lacks a corporate policy that is reasonably calculated to cause the Website to become and remain accessible, Plaintiff invokes 42 U.S.C. § 12188(a)(2) and seeks a permanent injunction requiring Defendant to retain a qualified consultant acceptable to Plaintiff ("Agreed Upon Consultant") to assist Defendant to comply with WCAG 2.1 guidelines for Defendant's Website. Plaintiff seeks that this permanent injunction requires Defendant to cooperate with the Agreed Upon Consultant to:

a.     Train Defendant's employees and agents who develop the Website on accessibility compliance under the WCAG 2.1 guidelines;

b.     Regularly check the accessibility of the Website under the WCAG 2.1 guidelines;

c.     Regularly test user accessibility by blind or vision-impaired persons

to ensure that Defendant's Website complies under the WCAG 2.1 guidelines; and,

d. Develop an accessibility policy that is clearly disclosed on Defendant's Websites, with contact information for users to report accessibility-related problems.

58. Although Defendant may currently have centralized policies regarding maintaining and operating the Website, Defendant lacks a plan and policy reasonably calculated to make them fully and equally accessible to, and independently usable by, blind and other visually-impaired consumers.

59. Defendant has, upon information and belief, invested substantial sums in developing and maintaining the Website and has generated significant revenue from the Website. These amounts are far greater than the associated cost of making Defendant's Website equally accessible to visually impaired customers.

60. Without injunctive relief, Plaintiff and other visually-impaired consumers will continue to be unable to independently use the Website.

CLASS ACTION ALLEGATIONS

61. Plaintiff, on behalf of himself and all others similarly situated, seeks to certify a nationwide class under Fed. R. Civ. P. 23(a) and 23(b)(2): all legally blind individuals in the United States who have attempted to access Defendant's Website and as a result have been denied access to the equal enjoyment of goods and services, during the relevant statutory period.

62. Plaintiff, on behalf of himself and all others similarly situated, seeks to certify a New York City subclass under Fed. R. Civ. P. 23(a) and 23(b)(2): all legally blind individuals in the City of New York who have attempted to access Defendant's Website and

Case 1:25-cv-01097-RPK-CHK   Document 1   Filed 02/26/25   Page 15 of 22 PageID #:
15

as a result have been denied access to the equal enjoyment of goods and services offered, during the relevant statutory period.

63.     Common questions of law and fact exist amongst the Class, including:

a.     Whether Defendant's Website is a "public accommodation" under the ADA;

b.     Whether Defendant's Website is a "place or provider of public accommodation" under the NYCHRL;

c.     Whether Defendant's Website denies the full and equal enjoyment of the products, services, facilities, privileges, advantages, or accommodations to people with visual disabilities, violating the ADA; and

d.     Whether Defendant's Website denies the full and equal enjoyment of the products, services, facilities, privileges, advantages, or accommodations to people with visual disabilities, violating the NYCHRL.

64.     Plaintiff's claims are typical of the Class. The Class, similarly to the Plaintiff, are severely visually impaired or otherwise blind, and claim that Defendant has violated the ADA or NYCHRL by failing to update or remove access barriers on the Website so either can be independently accessible to the Class.

65.     Plaintiff will fairly and adequately represent and protect the interests of the Class Members because Plaintiff has retained and is represented by counsel competent and experienced in complex class action litigation, and because Plaintiff has no interests antagonistic to the Class Members. Class certification of the claims is appropriate under Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally

applicable to the Class, making appropriate both declaratory and injunctive relief with respect to Plaintiff and the Class as a whole.

66. Alternatively, class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because fact and legal questions common to Class Members predominate over questions affecting only individual Class Members, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

67. Judicial economy will be served by maintaining this lawsuit as a class action in that it is likely to avoid the burden that would be otherwise placed upon the judicial system by the filing of numerous similar suits by people with visual disabilities throughout the United States.

FIRST CAUSE OF ACTION
VIOLATIONS OF THE ADA, 42 U.S.C. § 12182 *et seq.*

68. Plaintiff, on behalf of himself and the Class Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

69. Section 302(a) of Title III of the ADA, 42 U.S.C. § 12101 et seq., provides:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C. § 12182(a).

70. Defendant's Website is a public accommodation within the definition of Title III of the ADA, 42 U.S.C. § 12181(7). The Website is a service that is offered to the general public, and as such, must be equally accessible to all potential consumers.

71. Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities the opportunity to participate in or

benefit from the products, services, facilities, privileges, advantages, or accommodations

of an entity. 42 U.S.C. § 12182(b)(1)(A)(i).

72.     Under Section 302(b)(1) of Title III of the ADA, it is unlawful

discrimination to deny individuals with disabilities an opportunity to participate in or

benefit from the products, services, facilities, privileges, advantages, or accommodations,

which is equal to the opportunities afforded to other individuals. 42 U.S.C. §

12182(b)(1)(A)(ii).

73.     Under Section 302(b)(2) of Title III of the ADA, unlawful discrimination

also includes, among other things:

> [A] failure to make reasonable modifications in policies, practices, or procedures,
> when such modifications are necessary to afford such goods, services, facilities,
> privileges, advantages, or accommodations to individuals with disabilities, unless
> the entity can demonstrate that making such modifications would fundamentally
> alter the nature of such goods, services, facilities, privileges, advantages or
> accommodations; [and] a failure to take such steps as may be necessary to ensure
> that no individual with a disability is excluded, denied services, segregated or
> otherwise treated differently than other individuals because of the absence of
> auxiliary aids and services, unless the entity can demonstrate that taking such steps
> would fundamentally alter the nature of the good, service, facility, privilege,
> advantage, or accommodation being offered or would result in an undue burden.

42 U.S.C. § 12182(b)(2)(A)(ii)-(iii).

74.     The acts alleged herein constitute violations of Title III of the ADA, and the

regulations promulgated thereunder. Plaintiff, who is a member of a protected class of

persons under the ADA, has a physical disability that substantially limits the major life

activity of sight within the meaning of 42 U.S.C. §§ 12102(1)(A)-(2)(A). Furthermore,

Plaintiff has been denied full and equal access to the Website, has not been provided

services that are provided to other patrons who are not disabled, and has been provided

services that are inferior to the services provided to non-disabled persons. Defendant has

failed to take any prompt and equitable steps to remedy the discriminatory conduct as the violations are ongoing.

75.     Under 42 U.S.C. § 12188 and the remedies, procedures, and rights set forth and incorporated therein, Plaintiff, requests relief as set forth below.

## SECOND CAUSE OF ACTION
### VIOLATIONS OF THE NYCHRL

76.     Plaintiff, on behalf of himself and the New York City Sub-Class Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

77.     N.Y.C. Administrative Code § 8-107(4)(a) provides that "It shall be an unlawful discriminatory practice for any person who is the owner, franchisor, franchisee, lessor, lessee, proprietor, manager, superintendent, agent or employee of any place or provider of public accommodation: [b]ecause of any person's . . . disability . . . directly or indirectly: [t]o refuse, withhold from or deny to such person the full and equal enjoyment, on equal terms and conditions, of any of the accommodations, advantages, services, facilities or privileges of the place or provider of public accommodation".

78.     Defendant's Website is a sales establishment and public accommodations within the definition of N.Y.C. Admin. Code § 8-102(9).

79.     Defendant is subject to NYCHRL because it owns and operates the Website, making it a person within the meaning of N.Y.C. Admin. Code § 8-102(1).

80.     Defendant is in violation of N.Y.C. Administrative Code § 8-107(4)(a) in refusing to update or remove access barriers to Website, causing the Website and the services integrated with such Website to be completely inaccessible to the blind. This inaccessibility denies blind patrons full and equal access to the facilities, products, and services that Defendant makes available to the non-disabled public.

81.     Defendant is required to "make reasonable accommodation to the needs of persons with disabilities . . . any person prohibited by the provisions of [§ 8-107 *et seq.*] from discriminating on the basis of disability not to provide a reasonable accommodation to enable a person with a disability to satisfy the essential requisites of a job or enjoy the right or rights in question provided that the disability is known or should have been known by the covered entity." N.Y.C. Admin. Code § 8-107(15)(a).

82.     Defendant's actions constitute willful intentional discrimination against the Sub-Class on the basis of a disability in violation of the N.Y.C. Administrative Code § 8-107(4)(a) and § 8-107(15)(a) in that Defendant has:

      a.     constructed and maintained a website that is inaccessible to blind class members with knowledge of the discrimination; and/or

      b.     constructed and maintained a website that is sufficiently intuitive and/or obvious that is inaccessible to blind class members; and/or

      c.     failed to take actions to correct these access barriers in the face of substantial harm and discrimination to blind class members.

83.     Defendant has failed to take any prompt and equitable steps to remedy the discriminatory conduct as these violations are ongoing.

84.     As such, Defendant discriminates, and will continue in the future to discriminate against Plaintiff and members of the proposed class and subclass on the basis of disability in the full and equal enjoyment of the products, services, facilities, privileges, advantages, accommodations and/or opportunities of the Website under N.Y.C. Administrative Code § 8-107(4)(a). Unless the Court enjoins Defendant from continuing

Case 1:25-cv-01097-RPK-CHK   Document 20   Filed 02/26/25   Page 26 of 32 PageID #:
120
Case 1:25-cv-01097-RPK-CHK   Document 20   Filed 02/26/25   Page 20 of 22 PageID #:
20

to engage in these unlawful practices, Plaintiff and members of the class will continue to suffer irreparable harm.

85.     Defendant's actions were and are in violation of the NYCHRL and therefore Plaintiff invokes the right to injunctive relief to remedy the discrimination.

86.     Plaintiff is also entitled to compensatory damages, as well as civil penalties and fines under N.Y.C. Administrative Code § 8-120(8) and § 8-126(a) for each offense as well as punitive damages pursuant to § 8-502.

87.     Plaintiff is also entitled to reasonable attorneys' fees and costs.

88.     Under N.Y.C. Administrative Code § 8-120 and § 8-126 and the remedies, procedures, and rights set forth and incorporated therein Plaintiff prays for judgment as set forth below.

<u>THIRD CAUSE OF ACTION</u>
DECLARATORY RELIEF

89.     Plaintiff, on behalf of himself and the Class and New York City Sub-Classes Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

90.     An actual controversy has arisen and now exists between the parties in that Plaintiff contends, and is informed and believes that Defendant denies, that the Website contains access barriers denying blind customers the full and equal access to the products, services and facilities of the Website, which Defendant owns, operates and controls, fails to comply with applicable laws including, but not limited to, Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12182, *et seq.*, and N.Y.C. Admin. Code § 8-107, *et seq.* prohibiting discrimination against the blind.

91.     A judicial declaration is necessary and appropriate at this time in order that each of the parties may know its respective rights and duties and act accordingly.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court grant the following relief:

a.      A preliminary and permanent injunction to prohibit Defendant from violating the Americans with Disabilities Act, 42 U.S.C. §§ 12182, *et seq.,* N.Y.C. Administrative Code § 8-107, *et seq.*, and the laws of New York;

b.      A preliminary and permanent injunction requiring Defendant to take all the steps necessary to make the Website fully compliant with the requirements set forth in the ADA, and the implementing regulations, so that the Website is readily accessible to and usable by blind individuals;

c.      A declaration that Defendant owns, maintains and/or operates the Website in a manner that discriminates against the blind and which fails to provide access for persons with disabilities as required by Americans with Disabilities Act, 42 U.S.C. §§ 12182, *et seq.,* N.Y.C. Administrative Code § 8-107, *et seq.*, and the laws of New York

d.      An order certifying the Class and Sub-Classes under Fed. R. Civ. P. 23(a) & (b)(2) and/or (b)(3), appointing Plaintiff as Class Representative, and Plaintiff's attorneys as Class Counsel;

e.      Compensatory damages in an amount to be determined by proof, including all applicable statutory and punitive damages and fines, to Plaintiff and the proposed class and subclasses for violations of civil rights under New York City Human Rights Law and City Law;

f.      Pre- and post-judgment interest;

Case 1:25-cv-01097-RPK-CHK    Document 20    Filed 12/16/25    Page 28 of 32 PageID #:
Case 1:25-cv-01097-RPK-CHK    Document 1    Filed 02/26/25    Page 22 of 22 PageID #:
122

g.   An award of costs and expenses of this action together with

reasonable attorneys' and expert fees; and

h.   Such other and further relief as this Court deems just and proper.

<u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all questions

of fact the Complaint raises.

Dated:    Hackensack, New Jersey
          February 26, 2025

                              STEIN SAKS, PLLC
                              By: <u>*/s/ Rami Salim*</u>
                              Rami Salim, Esq.
                              rsalim@steinsakslegal.com
                              One University Plaza, Suite 620
                              Hackensack, NJ 07601
                              Tel: (201) 282-6500
                              Fax: (201) 282-6501
                              ATTORNEYS FOR PLAINTIFF

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

|  |  |  |
|---|---|---|
| Devin Fernandez, on behalf of himself and all others similarly situated, | ) ) ) ) | |
| _Plaintiff(s)_ | ) ) | Civil Action No.  25-cv-1097 |
| v. | ) | |
| Inna Chern DDS, Inc., | ) ) ) | |
| _Defendant(s)_ | ) ) ) | |

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_  Inna Chern DDS, Inc.
1854 Nostrand Ave
Brooklyn, NY 11226

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  Rami Salim
Stein Saks, PLLC
One University Plaza, Suite 620
Hackensack, New Jersey 07601

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

BRENNA B. MAHONEY
_CLERK OF COURT_

Date:  02/26/2025

_Cynthia Valera_
_Signature of Clerk or Deputy Clerk_

Case 1:25-cv-01097-RPK-CHK   Document 20   Filed 12/16/25   Page 30 of 32 PageID #:
Case 1:25-cv-01097-RPK-CHK   Document 4   Filed 02/26/25   Page 2 of 2 PageID #: 31
134

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____.

❑ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❑ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❑ I returned the summons unexecuted because _____ ; or

❑ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.


Date: _____                    _____
                                                        *Server's signature*

                                             _____
                                                        *Printed name and title*

                                             _____
                                                        *Server's address*

Additional information regarding attempted service, etc:

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mailbox is unattended.

***Additional Security Enhancements Coming Soon*** For information visit PACER website

https://pacer.uscourts.gov/announcements/2025/06/27/additional-security-enhancements-coming-soon

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

U.S. District Court

Eastern District of New York

**Notice of Electronic Filing**

The following transaction was entered on 9/29/2025 at 9:34 AM EDT and filed on 9/29/2025

| | |
|---|---|
| Case Name: | Fernandez v. Inna Chern DDS, Inc. |
| Case Number: | 1:25-cv-01097-RPK-CHK |
| Filer: | |
| Document Number: | No document attached |

Docket Text:
SCHEDULING ORDER: A telephonic Default Conference will be held on **October 15, 2025 at 11:30a.m.** before Magistrate Judge Clay H. Kaminsky. To access this conference, the parties are directed to call the number 571-353-2301, enter the call ID number 657415711, and then press #. The parties shall dial in ten (10) minutes before the conference.

Although Defendant Inna Chern DDS, Inc., has not appeared in this case, Defendant may appear at the conference. Plaintiff asserts, *inter alia*, claims against Defendant under the Americans with Disabilities Act relating to the accessibility of Defendant's website. Plaintiff has represented that the Defendant has been served with the Complaint [1], which is the document that states Plaintiff's claims against Defendant and that Defendant has not appeared to defend this action. The Clerk of Court has therefore entered a Certificate of Default against Defendant. Should Plaintiff move for a default judgment, Defendant could be held liable because Defendant has not responded to this lawsuit by answering it or moving to dismiss. If Defendant does not participate in the lawsuit now, Defendant would likely waive the right to raise factual or legal defenses that Defendant may have to Plaintiff's claims. The Court would prefer to resolve this dispute on its merits. *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95-96 (2d Cir. 1993) (underscoring the "oft-stated preference for resolving dispute on the merits" and the principle that "defaults are generally disfavored").

As a courtesy to Defendant, and to facilitate Defendant's appearance at the Default Conference, Plaintiff's counsel shall mail a copy of this Order, the Docket Sheet, the Complaint, and the Summons to Defendant's business address and shall send the same documents by email to all known email addresses of Defendant. Plaintiff's counsel shall file a declaration on or before **October 6, 2025**, confirming Plaintiff's compliance with this order or, alternatively, explaining why Plaintiff was unable to comply with this Order. The Court will also mail a copy of these documents to Defendant at 33 East 58th St., ste 409, New York, NY 10022.

**Ordered by Magistrate Judge Clay H. Kaminsky on 9/29/2025. (MAS)**

**1:25-cv-01097-RPK-CHK Notice has been electronically mailed to:**

Rami Salim    rsalim@steinsakslegal.com, acoll@steinsakslegal.com, ysaks@steinsakslegal.com

**1:25-cv-01097-RPK-CHK Notice will not be electronically mailed to:**